UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.   A-24-CR-0015 |
| | ) | |
| GILDARDO ANDRES ZAPATA | ) | |
| | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The Money Laundering, Narcotics and Forfeiture Section of the United States Department of Justice Criminal Division (the "Government") hereby submits this memorandum regarding the sentencing of defendant Gildardo Andres Zapata, currently scheduled for 9:00 a.m. on April 15, 2026. This filing also serves as the Government's response to the defendant's sentencing memorandum filed under seal on April 6, 2026; and the Government's response to the Presentence Investigation Report ("PSR") prepared on September 24, 2025, as well as the revisions to the PSR dated December 3, 2025. The Government raises no objection to the PSR or the revisions.

As further detailed below, and in accordance with the United States Sentencing Guidelines and the sealed Plea Agreement (Dkt. No. 31), the Government seeks a sentence of 14 months imprisonment. In support of its position, the Government argues the following:

I.     Procedural Background

1.     The defendant was indicted by the grand jury on January 16, 2024, on three counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1), and three counts of failure to file tax returns, in violation of 26 U.S.C. § 7203. Dkt. No. 3.

2.     On June 17, 2024, the defendant was arrested in the Republic of Colombia and detained pending extradition until June 26, 2025. See Attachment A, consisting of original and English translation of custody documentation from the Colombian Ministry of External Affairs, which is incorporated herein for all purposes.

3.      On June 27, 2025, the indictment was unsealed, the defendant was arraigned before the Honorable Dustin M. Howell, and was ordered detained pending a detention hearing.

4.      On July 2, 2025, a detention hearing was held before the Honorable Susan Hightower and the defendant was ordered detained pending trial. Dkt. No. 21.

5.      On July 29, 2025, before the Honorable Susan Hightower, the defendant entered a plea of guilty to count two of the indictment, filing a false tax return, in violation of 26 U.S.C. § 7206(1), and also entered into a sealed agreement with the government. Dkt. No. 31.

6.      On July 30, 2025, the defendant's guilty plea to count two of the indictment was accepted by this honorable court. Dkt. No. 36.

II.      Agreed Upon Facts

7.      The defendant was a resident of the state of Florida in 2016.

8.      Throughout the year he was employed as an independent contractor and was paid in cash and check a total amount of at least $1,066,005 in reportable personal income.

9.      During that period, the defendant was warned verbally and in writing that he was receiving reportable, taxable personal income.

10.      In 2017 and 2018, the defendant utilized a Florida-based tax professional known to the Government but referred to herein as Tax Preparer X, to prepare a United States Individual Income Tax Return, Form 1040, to be filed with the Internal Revenue Service ("IRS") regarding calendar year 2016.

11.      The defendant intentionally failed to inform Tax Preparer X of his independent contract income from 2016.

12.      On or about January 23, 2018, the defendant willfully made and subscribed a United States Individual Income Tax Return, Form 1040, for the calendar year 2016, which was verified by a written declaration that it was made under penalties of perjury, and which he did not believe to be true and correct as to every material matter.

2

13.   That United States Individual Income Tax Return, Form 1040, which was filed with the Director, Internal Revenue Service Center, at Austin, Texas, was false and fraudulent as to a material matter in that it reported on Line 22 total income in the amount of $24,699.00, whereas the defendant then and there well knew that he had total income well in excess of that amount.

14.   As a result of these willful actions and inactions of the defendant, there was a tax loss to the government of $364,773.

III.   Relevant Conduct pursuant USSG §1B1.3(a)(2)

15.   The defendant received reportable income from employment as an independent contractor from at least 2015 through 2020 – not just in 2016.

16.   During the tax years of 2015, 2016, 2017, 2018, 2019, and 2020, the defendant was paid a total of at least approximately $3.9 million through hundreds of individual cash and check payments of reportable personal income.

17.   During that period the defendant severely underrepresented his taxable income to the IRS and/or failed to file an income tax return at all, causing a total tax loss to the IRS of $1,251,698, according to the following breakdown:

| Count | Tax Year | Total Payments | Unreported Income | Tax Loss to the IRS |
|---|---|---|---|---|
| One | 2015 | $533,800 | $510,865 | $163,328 |
| Two | 2016 | $1,066,005 | $1,029,680 | $364,773 |
| Three | 2017 | $782,464 | $748,209 | $257,263 |
| Four | 2018 | $215,146 | $215,146 | $46,551 |
| Five | 2019 | $391,859 | $391,859 | $108,074 |
| Six | 2020 | $951,000 | $951,000 | $311,709 |
| | Totals: | $3,940,274 | $3,846,759 | $1,251,698 |

IV.    Guidelines

The Government is in full agreement with the findings of the PSR that the total offense level is 15. The Government further agrees with the PSR's calculation basis being the following:

    a.  Base offense level for a tax loss of $1,251,698.00 corresponds to USSG §2T4.1(H) …………………………………… 20

    b.  Special offense characteristic: None …………………………………. 0

    c.  Victim related adjustment: None ………………………………….. 0

    d.  Adjustment for role: None ………………………………………… 0

    e.  Adjustment for Obstruction: None …………………………...……… 0

    f.  Adjustment for Zero-Point Offender …………………………….... -2

    g.  Acceptance of Responsibility …………………………………….. -3

Total Offense Level………….. 15

V.    § 3553(a) Factors

No factor or combination of factors found in 18 U.S.C. § 3553(a) warrant a departure from the recommended guideline sentence outlined above. The defendant's actions were serious, displayed an indifference for U.S. tax law, and were injurious to the professional tax preparer that he employed to file a return on his behalf. Furthermore, the defendant asked for and received multiple extensions to the filing deadline for tax year 2016, giving him extra opportunity to report his entire income accurately. Instead, he let greed guide his decision-making and he chose to intentionally miscalculate and underpay his 2016 income tax liability.

A guideline sentence is appropriate to reflect the seriousness of tax offenses, and will deter others in the Western District of Texas and elsewhere to conduct such criminal conduct. 18 U.S.C. § 3553(a)(2)(B). The Government's recommendation promotes respect for the United States' tax laws, as well as provides a just punishment for a significant criminal offense. 18 U.S.C. § 3553(a)(2)(A).

VI.    Other Considerations

The Government seeks consideration of its sealed motion, filed on April 2, 2026, prior to

the pronouncement of sentence.

VII.    Conclusion

For the foregoing reasons, the Government seeks a sentence of 14 months imprisonment.

Respectfully submitted,

MARGARET MOESER
Chief

By:    /s/ Joseph Palazzo
JOSEPH PALAZZO
Deputy Chief
Money Laundering, Narcotics and Forfeiture Section
United States Department of Justice
1400 New York Avenue, NW
Washington D.C. 20005
Tel: 202-616-1263
joseph.palazzo@usdoj.gov

Dated: April 13, 2026

**Certificate of Service**

Today I filed the foregoing and caused a copy to be served on the Defendants' counsel of
record, via the Court's Electronic Case File system.

/s Joseph Palazzo

5